[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2008
THOMAS K. KAHN
CLERK

No. 07-15462
Non-Argument Calendar

_____

BIA Nos. A95-902-739 & A95-902-740

FRANCO YOVANY MARTINEZ ALVARADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 2, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioners Franco Yovany Martinez-Alvarado ("Alvarado") and his wife Evelyn Berenice Bastidas-Rodriguez ("Rodriguez"), through counsel, seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding them removable and denying their claims for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").

We review only the BIA's decision except to the extent the BIA expressly adopted the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own decision, so we review only the BIA's decision. When considering a petition to review a BIA final order, we review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar, 257 F.3d at 1284 (11th Cir. 2001). Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a

2

reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

First, petitioners argue that exceptional circumstances existed that should have applied to excuse the untimely filing of their asylum application. The government responds that we lack jurisdiction to consider this claim.

We review subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). An alien may apply for asylum if "the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). An alien may apply for asylum more than one year after arrival if the alien "demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). "No court shall have jurisdiction to review any determination" that an application was untimely or failed to establish changed or extraordinary circumstances to excuse the delay. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3).

We have held that § 1158(a)(3) divests our jurisdiction to review the BIA's decision that an asylum applicant filed an untimely application or failed to establish changed or extraordinary circumstances to excuse the untimely filing. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956-57 (11th Cir. 2005) (citing

Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003)). Further, the timeliness of an asylum application is not a constitutional claim or question of law that we could review pursuant to by the REAL ID Act. Chacon-Botero, 427 F.3d at 957. Therefore, we lack jurisdiction to consider petitioners' argument that the BIA erred in holding the asylum application untimely and we dismiss the petition as to asylum.

Second, petitioners argue the BIA erred in not reversing the denial of their withholding of removal claim because Alvarado suffered past persecution for his political opinion. Alvarado states he was politically active in the Ecuadorian Roldosista Party ("PRE") and Unidad Democratica Ecuatoriana (Ecuadorian Democratic Unity) ("UDE") parties, and that Fuerzas Armadas Revolucionarias de Colombia ("FARC") persecuted him because of his refusal to run for political office on their behalf. He asserts he will face future persecution because his family are "political militants," and the government cannot protect him. He also argues the IJ and the BIA erred in finding he was subject to threats alone and ignored the physical attack on him.

An alien seeking withholding of removal must show that "it is more likely than not he will be subject to persecution based upon race, religion, nationality, political opinion, or membership in a particular social group." Javier Ruiz v. Gonzales, 479 F.3d 762, 765-766 (11th Cir. 2007). The statute also covers

4

persecution by non-governmental groups that the "government cannot control." Jaime Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257-58 (11th Cir. 2006). The applicant must show either past persecution on a protected ground, which raises a rebuttable presumption of future harm, or show a future threat to his life or freedom likewise based on a protected ground.  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir.2003). Persecution is an extreme concept,  requiring "more than a few isolated incidents of verbal harassment or intimidation . . . [and m]ere harassment is not persecution." Javier Ruiz, 479 F.3d at 766. Menacing phone calls and threats are not sufficient evidence of past persecution to require reversal. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Where the applicant received threats, attempted attacks, and was physically attacked on account of his political opinion over a period of several months, we have held that such mistreatment is sufficient evidence of past persecution. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007) (asylum context). Resistance to forced recruitment does not by itself qualify as persecution on account of political opinion. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481-82, 112 S.Ct. 812, 815-16, 117 L.Ed.2d 38 (1992). Likewise, evidence of acts of private violence or failure to cooperate with guerillas "does not constitute evidence of persecution based on a statutorily protected ground." Jaime Ruiz, 440 F.3d at 1257-58.  Family members living unharmed in the home country weakens a claim

5

of well-founded fear of future persecution. Id. at 1259. If the agency does not find the alien's testimony incredible, we take the testimony as true. Mejia, 498 F.3d at 1254 n. 2.

Although the BIA misinterpreted the record by failing to connect the beating Alvarado suffered with the threats by FARC, this error does not require reversal. Other evidence shows that FARC was interested in recruiting Alvarado to act as their political agent or based on his access to medicinal supplies or money, and not persecuting him on account of his political opinion.

Third, Alvarado argues that substantial evidence does not support denial of his claim for CAT relief, as he will be constructively tortured by the Ecuadorian government because it cannot adequately protect him.

In a CAT claim, the burden of proof is on the applicant to show that it is "more likely than not" he would face torture if returned to his country. Al Najjar, 257 F.3d at 1303. He must also show this torture will be done with the acquiescence of the government. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007). The burden of proof of an applicant seeking withholding of removal under the statute is higher than that for an asylum applicant. Al Najjar, 257 F.3d at 1303.

The decision to deny the CAT application is supported by substantial evidence because petitioners have not presented any evidence that they will face

6

torture by or with the acquiescence of the Ecuadorian government.

Upon review of the record and upon consideration of the briefs of the parties, we discern no reversible error. Accordingly, we dismiss the petition for review with regard to asylum, and deny the petition for review with regard to withholding of removal and CAT relief.

**DISMISSED IN PART AND DENIED IN PART.**